IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JANE ROE                                                                                          PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 2:18-cv-212-KS-MTP

SMITH COUNTY, MISSISSIPPI, et al.                                                       DEFENDANTS

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Proceed Pseudonymously [2]. For the reasons which follow, the Court finds that the Motion should be granted.

Plaintiff, hereinafter "Jane Roe," alleges that she was unlawfully incarcerated in the Smith County Jail in 2017. She further alleges that while held in the jail she was sexually assaulted by Defendant Thompson and propositioned by Defendant Johnson, both employees of the Smith County Jail. Plaintiff states in her Complaint that Defendant Thompson continued to harass her even after she was released from the Smith County Jail and that she contracted herpes from the alleged rape. Plaintiff now moves this Court to grant her leave to proceed under a pseudonym due to the sensitive nature of this case.

Generally, Plaintiffs are required to disclose their names when they file a lawsuit. *See* Fed. R. Civ. P. 10(a). There are circumstances, however, when a court will depart from this rule and allow a plaintiff to proceed anonymously. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). When determining if a party should be allowed to proceed under a false name a court should consider whether any of these scenarios are present : "(1) plaintiffs seeking anonymity [are] suing to challenge government activity; (2) prosecution of the suit [compels] plaintiffs to disclose information 'of the utmost intimacy;' and (3) plaintiffs [are] compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." *Id*. A party

wishing to proceed anonymously does not need to establish all three scenarios. *Doe v. El Paso County Hosp. Dist.*, 2015 WL 1507840, at *2 (W.D. Tex. Apr. 1, 2015).

The Court finds, after considering the standard and the alleged facts of this case, that Plaintiff should be allowed to proceed pseudonymously. First, she alleges wrong-doing on the part of the government and challenges governmental activity. Second, she alleges that she was raped, which can only be considered "information of the utmost intimacy." *See Doe v. Cloverleaf Mall*, 829 F. Supp. 866, 868 n. 2 (S.D. Miss. 1993) (finding that a rape victim could proceed anonymously in a premises liability action stemming from her sexual assault).

The Court also finds that permitting Plaintiff to proceed under a pseudonym will not prejudice or pose a threat of unfairness to Defendants, and Plaintiff's right to privacy regarding these allegations outweighs the public's right to know her identity.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Proceed Pseudonymously [2] is GRANTED.

IT IS FURTHER ORDERED that none of Plaintiff's personally identifying information shall be made public on the Court's docket. When filing any publicly accessible document (non-sealed or non-restricted documents) filers shall use the pseudonym "Jane Roe" in place of Plaintiff's actual name and shall not include any personally identifying information of the Plaintiff.

SO ORDERED, this the 10th day of December, 2018.

                                        s/Michael T. Parker
                                        United States Magistrate Judge